UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES F. ARNETT,  :  NO. 1:01-CV-00157
                 :
    Petitioner,  :
                 :  **ORDER**
    v.           :
                 :
WANZA JACKSON,   :
                 :
    Respondent.  :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 5), Respondent Jackson's Objections (doc. 6) and Petitioner Arnett's Response to Respondent's Objections (doc. 8).

**I. Background**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based upon the theory that his due process rights and the Establishment Clause were violated when his trial judge interjected her religious beliefs as a factor in his sentencing (doc. 1). In 1997, a Hamilton County, Ohio grand jury indicted Petitioner on ten counts of rape of a minor (doc. 5). In 1998, he was similarly indicted for pandering obscenity involving a minor (Id.). Petitioner pled guilty to all the charges, and on January 29, 1998, the trial judge sentenced him to a term of imprisonment totaling fifty-one years (Id.).

Prior to imposing Petitioner's sentence, the trial judge described to Petitioner the process she went through in order to

decide his sentence (Id.). The trial judge described a number of factors she considered in arriving at such sentence, including the Petitioner's childhood, the victim's young age, the victim's lost innocence, the effect on the victim's parents, and how that in comparison to a murder victim, the victim in this case would potentially carry the hurt caused by Petitioner's actions for the rest of her life (Id.). The trial judge stated that in her "struggle" to arrive at a sentence, she "turned to one additional source" for help (Id.). That additional source was a Biblical passage, found at Matthew 18:5-6, that the judge read as follows: "And whoso shall receive one such little child in my name, [sic] receiveth me. But, [sic] whoso shall offend one of these little ones which believe in me, it were better for him that a millstone were hanged about his neck, and that [sic] he were drowned in the depth of the sea." (Id.).

Petitioner filed an appeal to the Ohio Court of Appeals, First Appellate District, challenging the sentencing procedures (Id.). The Court of Appeals vacated Petitioner's sentence and remanded the case for re-sentencing, based on its conclusion that the trial judge had acted outside of Ohio's sentencing guidelines and had violated Petitioner's due process rights when she relied on her religious beliefs as "the determining factor" in arriving at a sentence (Id.). The State appealed the Court of Appeals ruling to the Ohio Supreme Court, under the theories that (1) the trial judge

2

did not err in sentencing Petitioner when the sentence falls within statutory limits and is based on statutory criteria, (2) due process is not offended when a judge's expression of moral or religious values is consistent with the overall values of the statutory scheme, and (3) judicial power is not exercised or held in a moral vacuum (Id.).  On March 15, 2000, The Ohio Supreme Court reversed the Appellate Court's majority decision and restored the original sentence.  State v. Arnett, 724 N.E.2d 793 (Ohio 2000).

Petitioner filed his present petition on March 15, 2001 (Id.).  Plaintiff seeks relief on three grounds, quoted as follows, (1) The sentencing court violated Petitioner's due process rights by relying on its religious beliefs as factor in determining the severity of the sentence; 2) The sentencing court violated Petitioner's due process rights by considering a nonpermissible factor from her religion in the sentencing; and 3) The sentencing court violated the Establishment Clause of the First Amendment by endorsing religion (Id.).

## II.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge found that it appears from the record that the petition is not subject to dismissal on statute of limitations grounds, and that Petitioner has exhausted all available state remedies (doc. 5).  Accordingly, the Magistrate Judge found it proper to consider Petitioner's claims in the light of the arguments asserted by Respondent in the return of the writ

(Id.).

First, the Magistrate Judge found that the state judge's express reference in open court to New Testament scripture as a source she consulted in determining the appropriate sentence triggers serious concerns under the First Amendment's Establishment Clause (Id.). However, the Magistrate Judge found that Petitioner had waived the Establishment Clause claim, due to his failure to argue and brief such claim to the state appellate courts (Id.).

Second, the Magistrate Judge found that Petitioner is entitled to habeas relief based on his due process claims challenging the trial judge's reliance on her religious beliefs as a determinative "weighing" factor in his sentencing (Id.). The Magistrate Judge found that Petitioner was entitled to relief on the Ohio Supreme Court's reversal decision, which was "contrary to and involve[d] an unreasonable application of the applicable standard of review reflected in Supreme Court case-law" (Id.). The Bible verse that served as a factor in the trial judge's sentencing decision, can be understood to recommend that those who victimize children should be punished more severely (Id.). The Magistrate Judge found that it appears clear from the record that the Biblical text convinced the trial judge to accord significant weight to the statutory factor of the victim's age in determining the appropriate sentence for Petitioner (Id.). The Magistrate Judge agreed with the Ohio Court of Appeals that the trial judge erred when she used

the Biblical passage to determine the weight she would give the age factor (Id.). The Magistrate Judge found that because the sentencing judge used "a passage in the Bible to ultimately resolve her 'struggle' about the appropriate sentence" she violated the due process rights of the Petitioner (Id.). The Magistrate Judge stated that the due process clause "requires that a sentence be based on objective, legal standards established by statute, as opposed to personal or religious standards that have not been established or sanctioned by our democratic process and that people in this country have never been compelled to follow or accept" (Id.). Accordingly, the Magistrate Judge concluded that Petitioner should be entitled to habeas corpus relief based on his claims that he was denied due process when the state trial judge consulted and relied upon a passage in the Bible to ultimately resolve her "struggle" about the appropriate sentence to impose (Id.). However, because Petitioner did not challenge his convictions, the Magistrate Judge recommended that only his sentence be vacated and the matter be remanded to a different trial judge in the Hamilton County Common Pleas Court for such resentencing (Id.). The Magistrate Judge warned Petitioner that such resentencing would not necessarily result in a more lenient sentence (Id.).

  Respondent filed her objections to the Magistrate Judge's Report and Recommendation, arguing that under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), the only

criteria for determining whether the Ohio Supreme Court's decision was improper is whether it constitutes an unreasonable application of federal law as determined by the United States Supreme Court, and whether or not the Ohio Supreme Court rendered an unreasonable determination of the facts in light of the evidence presented (doc. 6). Respondent argues that the Magistrate Judge's Report concedes that the Supreme Court has not considered the specific due process issue at hand, so that there is no clearly established Supreme Court precedent (Id.). Respondent further argues that the Fourth Circuit's decision in United States v. Bakker, 925 F.2d 728 (4th Cir. 1991), cited by the Magistrate Judge and the Ohio Supreme Court, is irrelevant to a determination of Supreme Court principles (Id.). Respondent argues that the Ohio Supreme Court's factual determination that the Bible text reference was "one factor among many" did not impair the fundamental fairness of the sentencing proceeding, nor was unreasonable in light of the evidence presented (Id.).

Petitioner replied that the Magistrate Judge correctly signaled that the trial judge's reliance on the Bible text is an unreasonable application of established federal law as set forth in Gardner v. Florida, 430 U.S. 349 (1977), and United States v. Tucker, 404 U.S. 443 (1972), wherein the Supreme Court held that due process can be violated where a sentence is "at least in part" based upon the use of an impermissible factor (doc. 8). Petitioner

argues that the Ohio Supreme Court erred as a matter of law in finding that any unauthorized sentencing factor must be the "primary premise" for the judge's sentence, which is a more restrictive test as to whether due process was violated (Id.). As for factual error, Petitioner argues that the Magistrate Judge correctly found in the record evidence that the Ohio Supreme Court erred in finding the Bible text was "one factor among many" because it was not just an "additional" source, but the <u>final</u> source of authority consulted by the trial judge which ultimately resolved her struggle in determining Petitioner's sentence (Id.).

**III.  Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned, and adopts such Report and Recommendation in its entirety. The Court does not find well-taken Respondent's arguments that the Magistrate Judge failed to apply the standard of review set forth in 28 U.S.C. § 2244(d). The Court finds correct the Magistrate Judge's reading of the <u>Tucker</u> decision, for the proposition that a sentence based at least in part on an impermissible factor violates due process. 404 U.S. at 448 ("the real question here is. . . whether the sentence. . . might have been different if the sentencing court [had not relied on improper or erroneous information]"). The Ohio Supreme Court acknowledged in its opinion that a fair reading of the record supports the

determination that the Bible verse "functioned as a 'tie-breaker' for a sentencing judge torn between a more lenient or a more harsh sentence," and that "the Book of Matthew assisted her in finally resolving her deliberative struggle." Arnett, 724 N.E. 2d at 804. The Court finds well-taken the Magistrate Judge's observation that "[t]he fact that the age of the victim was a permissible statutory factor for the judge to consider does not excuse or lessen the impact of her improper resort to the Bible in determining the ultimate decisive weight to be accorded to that factor." The impropriety in this case does not stem from the fact that the sentencing judge may hold personal religious beliefs that implicitly may guide her in her judgments, or even that she may refer to or quote Biblical passages during sentencing proceedings. As stated by the Magistrate Judge, however, by explicitly consulting and relying on a particular Biblical passage during her sentencing deliberations as the final source of authority to resolve the "struggle" in determining whether to impose a harsh or more lenient sentence, the state trial judge exceeded the boundaries of due process.

**IV.  Conclusion**

The Magistrate Judge correctly concluded that Petitioner waived his First Amendment Establishment Clause Claim due to his procedural default in the state courts. However, the Magistrate Judge also correctly concluded that Petitioner is entitled to

conditional habeas relief based on a need for new sentencing, as the trial judge in his case exceeded the boundaries of due process in basing Petitioner's sentence on an impermissible factor, a religious passage.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is correct.  Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 5), and AFFIRMS the Magistrate Judge's recommended decision (Id.).  As such, the Court GRANTS Petitioner's habeas corpus petition (doc. 1) so that Petitioner be released from prison unless the Hamilton County, Ohio Court of Common Pleas resentences Petitioner, in proceedings presided over by a different judge than the one who originally sentenced Petitioner, within ninety days of the entry of this Order.

SO ORDERED.

Dated: October 7, 2003        s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge