# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. ARNETT, | : | |
| Petitioner, | : | |
| | | Case No. C 1 01 157 |
| v. | : | |
| | | Judge Spiegel |
| WANZA JACKSON, Warden, | : | |
| Respondent. | : | |

_____

### RESPONDENT JACKSON'S MOTION FOR STAY OF
### COURT'S OCTOBER 8, 2003 JUDGMENT
_____

Respondent Jackson respectfully requests that the Court grant a stay of its October 8, 2003 Judgment ordering a conditional writ to James Arnett. Respondent is filing a Notice of Appeal to the Sixth Circuit simultaneous to the filing of this Motion. The following Memorandum supports this Motion.

Respectfully submitted,

JIM PETRO    (0022096)
Attorney General

/s/Stuart A. Cole
STUART A. COLE   (0020237
Assistant Attorney General
Corrections Litigation Section
150 East Gay St., 16th Floor
Columbus, Ohio   43215
(614) 644-7233
(614) 728-9327 – Fax
scole@ag.state.oh.us

## **MEMORANDUM IN SUPPORT**

On October 8, 2003, this Court issued an Order granting a writ of habeas corpus, unless the State resentenced Arnett within ninety (90) days before a judge other than the original judge who imposed sentence.

Respondent respectfully requests that this Court stay its ninety (90) day period in which Arnett must be resentenced by the Ohio courts. In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the United States Supreme Court recognized the following factors as regulating the issuance of a stay:

1. Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

2. Whether the applicant will be irreparably injured absent a stay;

3. Whether issuance of the stay will substantially injure other parties interested in the proceeding; and

4. Where the public interest lies.

Although reasonable minds may differ, an affirmance in the Sixth Circuit of the district court's decision is by no means a certainty. Indeed, not only were Arnett's claims **unanimously** rejected by the Ohio Supreme Court in a published opinion, but this Court's decision is predicated upon a determination that this unanimous Ohio Supreme Court decision was contrary to clearly established United States Supreme Court precedent. At a minimum, this case presents substantial questions which fully warrant appellate scrutiny with respect to this Court's writ granting Order.

It is further manifestly apparent that Respondent will be irreparably injured absent a stay. Specifically, the failure to grant an interim stay will place the State of Ohio in an untenable posture. To resentence Arnett would effectively moot this litigation, while

permitting the ninety (90) day period to expire would risk the release of a convicted multiple rapist into society.[1]  The State should not be placed in such an "all or nothing" posture.

The third factor to be considered is whether the issuance of a stay will substantially injure Arnett.  To date Arnett has yet to assert that any injury to him would result from a granting of Respondent's stay motion.  Respondent is similarly unaware of any potential injury to Arnett in light of the fact that this Court has **not** ordered Arnett's release from custody.

Public interest is the fourth factor which this Court must consider with respect to the granting of this motion.  In *Branskill*, *supra,* the Court observed at 779 that:

> A successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee.  A state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State.  Although the decision of a district court granting habeas relief will have held that the judgment of conviction is constitutionally infirm, that determination itself may be overturned on appeal before the State must retry the petitioner.  This being the case, we do not agree that the Due Process Clause prohibits a court from considering, along with other factors that we previously described, the dangerousness of a habeas petitioner as part of its decision whether to release the petitioner pending appeal.

In the case at bar it is undisputed that Arnett is a convicted multiple rapist who voluntarily tendered a plea of guilty to his crimes.  Furthermore, Arnett's petition does **not** challenge the constitutionality of his plea or Arnett's guilt of all the crimes for which he now stands convicted.  At the same time, a denial of Respondent's stay motion could

---

[1] In *Braunskill* the Court held at 772 that:

> When the Government appeals a decision granting a writ of habeas corpus, the habeas petitioner shall be released from custody "unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order."

3

risk Arnett's release into society. Under these circumstances there is little doubt as to where the public interest lies.

WHEREFORE, Respondent respectfully requests that a stay be granted pending appellate review of this matter.

Respectfully submitted,

JIM PETRO   (0022096)
Attorney General


/s/Stuart A. Cole
STUART A. COLE   (0020237)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio   43215
(614) 644-7233
(614) 728-9327 – Fax
scole@ag.state.oh.us

Counsel for Respondent

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Stay was sent via regular U.S. mail to Charles H. Bartlett, Jr., Esq., 917 Main Street, Suite 300, Cincinnati, Ohio 45202, on this 21st day of October 2003.

/s/Stuart A. Cole
STUART A. COLE
Assistant Attorney General