**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES F. ARNETT, | : | |
| Petitioner, | : | Case No. C 1 01 157 |
| v. | : | Judge Spiegel |
| WANZA JACKSON, Warden, | : | |
| Respondent. | : | |

___

**RESPONDENT JACKSON'S REPLY TO ARNETT'S
STAY MOTION RESPONSE**
___

Arnett's stay motion response warrants only a brief reply. Arnett initially suggests that because he prevailed in this Court, Respondent cannot make a strong showing of success on the merits. If Arnett's incredible position were correct, then a stay could **never** be granted since by definition the party seeking the stay on appeal is the party to whom an adverse judgment was rendered. Of course, contrary to Arnett's professed beliefs, in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the United States Supreme Court did not prohibit the granting of a stay in all cases. Here, as reflected by the unanimous Ohio Supreme Court published opinion and for reasons discussed in Respondent's stay motion, this case presents substantial questions which fully warrant appellate scrutiny.

In his pleading Arnett next contends that Respondent will not be irreparably injured absent a stay. In making this remarkable assertion, Arnett makes no attempt to

address Respondent's position that the absence of a stay would place the State of Ohio in an untenable posture of having to resentence Arnett and thereby effectively moot this litigation, or risk the release of a convicted multiple rapist into society.

Although by pleading guilty, Arnett faced a potential sentence in excess of one hundred (100) years, Arnett next contends that it is "plain" that he would be injured by a stay. Contrary to Arnett's apparent beliefs, there is not a shred of support in the record, or reason to believe, that a resentencing will result in a lesser sentence than the fifty (50) year sentence that Arnett is currently serving. Under any circumstances, it strains all credibility to suggest that a resentencing will result in Arnett's release from prison.

Arnett finally implies that his release is in the public interest. For reasons discussed in Respondent's stay motion, it is not in the public interest to release into society a convicted multiple rapist who, to date, has served only a small portion of his sentence.

        Respectfully submitted,

        JIM PETRO   (0022096)
        Attorney General

        /s/Stuart A. Cole
        STUART A. COLE   (0020237)
        Assistant Attorney General
        Corrections Litigation Section
        150 East Gay Street, 16th Floor
        Columbus, Ohio   43215
        (614) 644-7233
        (614) 728-9327 – Fax
        scole@ag.state.oh.us

        Counsel for Respondent

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Reply to Arnett's Stay Motion was sent via regular U.S. mail to Charles H. Bartlett, Jr., Esq., 917 Main Street, Suite 300, Cincinnati, Ohio 45202, on this 1st day of December 2003.


                                                        /s/Stuart A. Cole
                                                        STUART A. COLE
                                                        Assistant Attorney General